United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUN 16 P 3 30
CLERK _____
SO. DIST. OF GA.

ROBERT L. NEWLAND,

   Petitioner,

v.

FREDERICK HEAD, Warden,

   Respondent.

CIVIL ACTION NO.: CV203-146

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Newland contends that the findings of the Magistrate Judge should be rejected because the Magistrate Judge: 1) erroneously failed to consider and apply Supreme Court precedent; 2) overlooked his trial counsel's failure to investigate his background as possible mitigating evidence; 3) overlooked his trial counsel's failure to investigate and consider evidence of his mental health as possible mitigating evidence; and 4) "committed other important errors that require correction." (Doc. No. 50, p. 14.)

AO 72A
(Rev. 8/82)

Newland asserts that the Magistrate Judge "ignored the governing law and materially indistinguishable facts" of "two most recent" decisions by the Supreme Court pertaining to trial counsel's failure to investigate possible mitigating evidence. (Doc. No. 50, p. 15.) In support of this assertion, Newland cites Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000), and Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed.2d 471 (2003). The Supreme Court's analyses in these cases relied upon Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). The Magistrate Judge analyzed Newland's claims that his trial counsel provided ineffective assistance using the Strickland standard. In so doing, the Magistrate Judge concluded that the state habeas court's determination on this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The Magistrate Judge properly relied upon Strickland to evaluate Newland's claims that he received ineffective assistance of counsel. See 28 U.S.C.A. § 2254(d)(1); Williams, 529 U.S. at 391, 120 S. Ct. at 1512.

Newland also asserts that the Magistrate Judge "failed to directly cite to record evidence such as the state court habeas hearing transcript. Instead, the [Magistrate Judge] repeatedly and erroneously relied on Respondent's recitation of the facts and Exhibit 39." (Doc. No. 50, p. 14 n.3.) Newland is attempting to have this Court fulfill the role of the state habeas court, i.e., to evaluate the merits of his claims. This Court's role, however, is to ensure that the state habeas court's determinations are

2

not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The state habeas court's determinations are found in Respondent's Exhibit 39, and as such, it was proper for the Magistrate Judge to rely on this exhibit. This Court's evaluation of the state habeas court's determinations necessarily involves a review of the *entire* record, including the state habeas court's transcript and the evidence before the state habeas court.

In addition, Newland's claim that the Magistrate Judge erroneously relied on Respondent's recitation of facts is without merit. The undersigned's review of the Magistrate Judge's Report, as well as the parties' briefs and other evidence of record, reveals that the Magistrate Judge did not base his legal conclusions on either party's version of the facts. Instead, the Magistrate Judge "recited" both parties' version of the facts merely to frame the parties' allegations.

The remainder of Newland's Objections are merely recapitulations of the arguments raised in his petition. The Magistrate Judge adequately addressed the issues set forth in Newland's petition and properly concluded that the state habeas court's determinations on these issues were not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

In sum, Newland's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Newland's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2254 (Doc. No. 13), is **DENIED**. The Clerk is hereby authorized and directed to enter the

AO 72A
(Rev. 8/82)

appropriate Judgment of Dismissal. Newland's Motion for a Hearing to address alleged errors in the Magistrate Judge's Report and Recommendation (Doc. No. 50) is **DISMISSED** as moot.

**SO ORDERED**, this __15__ day of __June__, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

NEWLAND  )

vs )  CASE NUMBER cv203-146

HEAD  )  DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 6/16/05, which is part of the official record of this case.

Date of Mailing: 6/16/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Joseph Basta
Michael Garrett
Karen Anderson Johnson
Brian Kammer
Katherine White
Robert Newland, GDC 436424, GDCC, P.O. Box 3877, Jackson, GA 30233

[ ] Copy placed in Minutes
[X] Copy given to Judge
[ ] Copy given to Magistrate